## Baltimore & Ohio S. W. R. R. Co. v. James L. Perryman.

1. RAILROADS—*Fires—Negligence in Allowing Combustibles to Accumulate on the Right of Way.*—The presence of dry grass and other combustibles on the right of way of a railroad company, is negligence *per se.*

2. SAME—*Measure of Damages in Cases of Fires upon Farms.*—The measure of damages in cases of fires set by railroads upon farms is

the difference between the value of the farm before the fire and its value after.

**Action for Damages Caused by Fires.**—Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the August term, 1900. Affirmed. Opinion filed March 11, 1901.

R. E. HAMILL, SILAS COOK and KRAMER, CREIGHTON & SCHAEFFER, attorneys for appellant.

DILL & WILDERMAN, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This is an action on the case brought by appellee against appellant to recover damages, caused by fire, alleged to have been negligently set by a locomotive on appellant's railroad, thereby destroying a large number of apple trees and a large amount of blackberry bushes growing on appellee's farm, thus greatly damaging his farm.

There are two counts in the declaration. The first count alleges that appellant's railroad runs through appellee's farm, and that appellant negligently allowed dry grass, weeds and other combustible material to accumulate and remain on its right of way through the farm, whereby fire, emitted and thrown from a locomotive engine of appellant, ignited the dry grass, weeds, and other combustible material on the right of way, and the fire thus started was communicated to the farm of appellee, by means of which appellee's apple trees and blackberry bushes growing thereon were scorched, burned and consumed, and so became wholly lost to appellee, and appellee claimed his reasonable attorneys' fees under the statute.

The second count is the same as the first count, except it is averred therein that the fire was negligently set by appellant, to the combustible material on appellee's farm, thus destroying appellee's apple trees and blackberry bushes, and with the further exception that appellee does not claim any attorneys' fees, under the statute, in addition to the damages to his trees and bushes.

The jury found by their verdict that appellee had suf-

fered damages to the amount of $600, and that the fire originated on appellant's right of way, and from thence was communicated to appellee's farm, and they found appellee's reasonable attorneys' fees to be $100.

The usual motion for a new trial was made by appellant, was overruled by the court, and this motion was followed by a motion in arrest of the judgment, which was also overruled, and plaintiff below had judgment on the findings of the jury.

Three errors are assigned on the record. First, in overruling appellant's motion for a new trial; second, in overruling its motion in arrest of judgment; third, in rendering the judgment.

The reasons set forth for a new trial in appellant's motion in the court below, are greater in number than the errors assigned, and as the latter are made up of the former, our only inquiry need be, did the court err in refusing a new trial for the reasons now urged by counsel? What these reasons are is tersely stated by counsel as follows:

"It is contended by appellant that this judgment is against the evidence, and that if there is a liability, that the damages awarded are excessive."

Appellant does not deny that a portion of appellee's orchard and blackberry bushes was destroyed by fire caused by sparks from appellant's locomotive, nor is the extent of the injury disputed except in value; but appellant's contention is, that the fire was set in appellee's orchard, and that appellant's locomotive was equipped with the best known appliances in common use to prevent the escape of sparks, and that these appliances were in good repair, and the locomotive was carefully and skillfully handled, and that therefore appellant is not liable. We have carefully examined the evidence on this point of the contention, and are fully satisfied with the finding of the jury on the special interrogatory submitted to them by the court, that the fire was set on appellant's right of way.

There was no dispute in the evidence that appellee's orchard is situated north of appellant's railroad, and weeds,

dry grass and other combustible material had been allowed to accumulate on appellant's right of way, and that the wind was blowing from the south or southwest at the time of the fire, which occurred early in the afternoon of October 13, 1899.

This evidence, coupled with the inference that the jury might draw from knowledge common to all, that fire is started only where there is something for it to feed upon, and with the further evidence of two adult credible witnesses who resided near the railroad, one of whom saw the train go by and saw the fire when it started, and both of whom testified that it started on appellant's railroad, and whose testimony is uncontradicted, makes it nearly, if not quite impossible to believe that the jury made any mistakes by their finding as to where the fire originated.

In this view of the case it is unnecessary to inquire whether the locomotive was equipped and in good repair and skillfully handled or not, since the presence of dry grass and combustible materials on appellant's right of way was negligence *per se*, and the proximate cause of the loss; made so by the statute. See Section 63, Chapter 114, Hurd's R. S. 1899.

This view also disposes of the objections of appellant to one or more of appellee's instructions, as well as the instruction given by the court on its own motion, and leaves only the question whether the damages found by the jury are excessive or otherwise.

It is conceded on both sides that the measure of damages was the difference between the true value of the farm before the fire and its value after the fire; the court so ruled in the admission and rejection of evidence, and in the instructions to the jury, so the jury were not misled in that respect.

On such a question, it is but reasonable to expect that good men will not fully agree, and in this case they did not. Appellee's witnesses (there were four of them) fixed the amount of damages of from $700 to $1,000; while appellant's witnesses (four of them also,) fixed the damages at

from $150 to $200. Three attorneys testified that a reasonable attorney's fee for prosecuting the suit was $150.

With such testimony this court is unable to say that the jury did not fairly consider all of the evidence and find their verdict accordingly.

We find the record free from error and the judgment is affirmed.